## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| MARIO J. CARNEIRO, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SENTINEL INSURANCE COMPANY, )<br>LTD., )<br>    Defendant. )<br>) | C.A. No. 18-455-JJM-PAS |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

Plaintiff, Mario J. Carneiro, and Defendant, Sentinel Insurance Company, Limited ("Sentinel") have filed cross motions for summary judgment. For reasons set forth below, the Court DENIES Plaintiff's Motion (ECF No. 11) and GRANTS Defendant's Motion. ECF No. 12.

## I.    BACKGROUND

Mr. Carneiro seeks a determination that he is entitled to uninsured/underinsured motorist coverage under a commercial auto policy when he was struck by another vehicle while crossing a street as a pedestrian.

*The Policy*

Defendant Sentinel issued Special Multi-Flex Policy No. 02 UEC HE2975 for the Policy period of July 8, 2013 to July 8, 2014 ("the Policy") to Mario J. Carneiro, CPA Ltd ("the Company"). The Policy provides Commercial Automobile Coverage to the Company, including an endorsement providing uninsured and underinsured

motorist coverage ("UM/UIM Coverage"). The Named Insured is set forth in the Declarations as the Company and the scheduled vehicle is an Audi convertible ("Company vehicle"), owned by the Company.

The UM/UIM Coverage states, in relevant part:

A. Coverage

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle" because of:

a. "Bodily injury" sustained by an "insured" and caused by an "accident"

...

B. Who Is An Insured

If the Named Insured is designated in the Declarations as:
...

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":
a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto"...
b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".
c. The Named Insured for "property damage" only.

...

F. Additional Definitions

As used in this endorsement:
...
2. "Occupying" means in, upon, getting in, on, out or off.
...
4. "Uninsured motor vehicle" means a land motor vehicle or "trailer":
...
b. Which is an underinsured motor vehicle. An underinsured motor vehicle is a land motor vehicle or "trailer" for which the sum of all liability bonds or policies at the time of an "accident"

does not provide at least he amount an "insured" is legally entitled to recovery as damages;

...

d. That is a hit-and-run vehicle and neither the driver nor owner can be identified.

ECF No. 11-3, Ex. B at 29-31.

*The Accident[1]*

Mr. Carneiro was struck by a car while crossing Warren Avenue in East Providence, Rhode Island.[2] Mr. Carneiro had left the parked Company vehicle after retrieving his office keys from inside the vehicle and was heading back to his company office when he was struck about five feet or so from the curbside. After the initial impact, Mr. Carneiro was again struck by a vehicle that never stopped and was never identified. As a result of being struck, Mr. Carneiro suffered lower leg and ankle pain and suffered a myocardial infarction.

## II. STANDARD OF REVIEW

Summary judgment is warranted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court should and will view evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. *See Wilson v. Moulison N. Corp.*, 639 F.3d 1, 6 (1st Cir. 2011).

---

[1] The Court takes the facts from Mr. Carneiro's Complaint and Motion for Summary Judgment. ECF Nos. 1-1, 11.

[2] Myrna Griffith drove the car. Mr. Carneiro sued Ms. Griffith in Providence Superior Court. According to Plaintiff's Amended Complaint in that case, Ms. Griffith has $50,000 in liability coverage.

III.   DISCUSSION

A.   Mr. Carneiro Was Not Occupying a Covered Vehicle.

While to the lay reader the term "occupying" would not encompass a person across the street from their car, the Rhode Island Supreme Court has decided that the term is to be interpreted broadly to encompass many situations.  They do this because contracts for uninsured-motorist coverage must "afford protection to the insured against 'economic loss resulting from injuries sustained by reason of the negligent operation of uninsured-motorist vehicles and hit-and-run motor vehicles.'" *McVicker v. Travelers Ins. Co.*, 785 A.2d 550, 554 (R.I. 2001) (quoting *Pin Pin H. Su v. Kemper Ins. Companies/Am. Motorists Ins. Co.*, 431 A.2d 416, 419 (R.I. 1981)). "[R]esponsible motorists who carry liability insurance should not be uncompensated when they are without recourse against an uninsured tortfeasor." *Amica Mut. Ins. Co. v. Streicker*, 583 A.2d 550, 553 (R.I. 1990); see also *Henderson v. Nationwide Ins. Co.*, 35 A.3d 902, 906 (R.I. 2012). "The primary object remains indemnification for an insured's loss rather than defeat of his or her claim." *DiTata v. Aetna Cas. & Sur. Co.*, 542 A.2d 245, 247 (R.I. 1988).   UM/UIM policy provisions that "restrict coverage afforded by the uninsured-motorist statute are void as a matter of public policy." *Nationwide Mut. Ins. Co. v. Viti*, 850 A.2d 104, 107 (R.I. 2004) (quoting *Rueschemeyer v. Liberty Mut. Ins. Co.*, 673 A.2d 448, 450 (R.I. 1996)).

To effectuate this articulated public policy and to determine how broadly to read the term "occupying," the Rhode Island Supreme Court has held that courts may consider the context of a plaintiff's accident when determining whether he was

"occupying" a vehicle. *Gen. Accident Ins. Co. v. Olivier*, 574 A.2d 1240 (R.I. 1990) (finding that a passenger was "occupying" the vehicle for coverage purposes when she was shot and killed outside the vehicle while being interviewed by a police officer about an accident involving the car she had been riding in). The *Olivier* court held that a four-factor analysis should be applied in determining whether a person is "occupying" a vehicle:

> (1) there is a causal relation or connection between the injury and the use of the insured vehicle;
>
> (2) the person asserting coverage must be in a reasonably close geographic proximity to the insured vehicle, although the person need not be actually touching it;
>
> (3) the person must be vehicle oriented rather than highway or sidewalk oriented at the time; and
>
> (4) the person must also be engaged in a transaction essential to the use of the vehicle at the time.

574 A.2d at 1241.

The Rhode Island Supreme Court has expanded on the *Olivier* factors and held that the proper analysis is fact-driven, and the *Olivier* factors should be applied as guideposts. *See Hudson v. GEICO Ins. Agency, Inc.*, 161 A.3d 1150, 1157 (R.I. 2017) (noting that a plaintiff may fail to satisfy a portion of *Olivier* and still be determined as "occupying" an insured vehicle for coverage purposes and finding that the passenger of an insured vehicle who heard crash of an accident nearby and left her vehicle to help was occupying the covered car when injured at the accident site).

The Policy language at issue relates to inclusion of persons within the Policy. The Court thus analyzes this case with a liberal view of the Policy and with the *Oliver* factors in mind as a guidepost.

### 1. causal relation or connection

There is no evidence of a causal relation or connection between Mr. Carneiro's injury and the use of the insured vehicle. Mr. Carneiro does not claim that he had been using his car at or around the time that he was injured but had simply left his office keys in his vehicle and walked over to retrieve them. The covered vehicle acted as a vessel holding the office keys, and the accident had no relation with the operation and use of the vehicle.

### 2. reasonably close geographic proximity

Mr. Carneiro argues that courts have found plaintiffs who were further away from the covered vehicle than he was here were "occupying" the vehicle for coverage purposes. ECF No. 11-11 at 18 (arguing that the *Hudson* court found the plaintiff was "occupying" her vehicle at 97 feet away while Mr. Carneiro was injured at around 40 feet away). The Court finds that Mr. Carneiro has established that he was in "reasonably close proximity" to his vehicle.

### 3. vehicle oriented

*Olivier* distinguishes between those who are "vehicle oriented" and those who are "sidewalk oriented." 574 A.2d at 1241. Mr. Carneiro concedes that he had left the vehicle, crossed the street, and was headed toward his office. He had severed his connection with the vehicle and was "sidewalk oriented." *See Hudson*, 161 A.3d at

6

1157 (discussing cases where individuals were no longer "vehicle oriented" when they have severed connection with their vehicles or are on their own without reference to the vehicle).

#### 4. *transaction essential to the use of the vehicle*

Lastly, Mr. Carneiro does not present evidence that he was engaged in a transaction essential to the use of the vehicle at the time. *See Olivier*, 574 A.2d at 1241. While Mr. Carneiro argues that the covered car essential to use of his business and the vehicle was "business orientated," he fails to show how his retrieval of office keys to access his office building was essential to the use of his motor vehicle.

At best, Mr. Carneiro establishes one of the four *Olivier* factors. With a liberal view of the Policy and using the *Olivier* factors as a guidepost, and considering all the facts as a whole, the Court finds that Mr. Carneiro was not "occupying" the covered vehicle at the time of the accident and is therefore not insured under the Policy.

### B. Whether Mr. Carneiro is the "Alter Ego" of the Named Insured Company is Irrelevant.

Mr. Carneiro's argument that he is the "alter ego" of the Named Insured Company also fails. The "Who Is an Insured" section of the Policy is clear and unambiguous: The Policy states that the coverage is for a corporate entity, "Mario J. Carneiro, CPA, Ltd." Next, the Policy provides that "[i]f the Named Insured is designated in the Declarations as: . . . A partnership, limited liability company, corporation or any other form of organization," then only certain individuals are afforded coverage, including those "occupying" a covered vehicle. Whether Mr.

Carneiro is the "alter ego" of the Company has no bearing here as the Company remains the Named Insured and the Policy defining the insured apply.

## IV. CONCLUSION

The Court thus DENIES Plaintiff's Motion for Summary Judgment (ECF No. 11) and GRANTS Defendant's Motion for Summary Judgment (ECF No. 12).

IT IS SO ORDERED.

_____

John J. McConnell, Jr.
United States District Judge

April 16, 2019